E-FILED
Wednesday, 08 July, 2026 03:00:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ALLEN J. MOORE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-03220-SEM |
| | ) | |
| STEPHANIE HOWARD *et al.*, | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by Plaintiff Allen Moore, a Paris, Illinois, resident.

The Court concludes that Plaintiff's Complaint states an Eighth Amendment deliberate indifference claim.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court

Page **1** of **8**

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. ALLEGED FACTS

Plaintiff's Complaint alleges constitutional violations against the following Graham Correctional Center ("Graham") officials and entities: Assistant Warden Denissa Armstrong, Nurse Practitioner Lucas Emerich, Healthcare Administrator Stephanie Howard, Corrections Officer Rhodes, Registered Nurse Holly Shanle, the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Incorporated ("Wexford").

On April 5, 2025, Plaintiff fell from the top bunk, causing further injury to his Sciatic condition, which Plaintiff claims was known throughout Graham. Plaintiff's cellmate notified Defendant Rhodes, who refused to call for medical assistance and left Plaintiff lying on the floor in his own urine. The next day, Defendant Shanle saw Plaintiff for a "torn shoulder injury" but did not refer Plaintiff

for X-rays. Plaintiff claims he was never adequately treated for his medical complaint.

### C. Analysis

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's account is sufficient to state a plausible deliberate indifference to medical need claim under the Eighth Amendment against Defendants Rhodes and Shanle. However, Plaintiff does not state plausible claims against the remaining defendants.

Plaintiff names Defendant Howard, claiming that she is responsible for the everyday care of the inmate population. (Doc. 1 at 8.) However, "[w]ithout a showing of direct responsibility for the improper action, liability will not lie against a supervisory official." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *see also Streckenbach v. Vandensen*, 868 F.3d 594, 598 (7th Cir. 2017) (concluding that a supervisor may not be personally liable even where it is "foreseeable that subordinates [will] make operational errors" because this would be vicarious liability, which is not allowed under § 1983).

Furthermore, despite identifying Defendants Armstrong and Emerich, Plaintiff does not provide any facts that establish or permit the inference that they deprived Plaintiff of a constitutional right. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Page **4** of **8**

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not allege facts that establish or permit the Court to infer an official policy or custom under any of the three conditions mentioned above. Thus, Plaintiff fails to state a *Monell* claim against Wexford.

Plaintiff also does not state a plausible claim against IDOC. A

building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

**IT IS THEREFORE ORDERED:**

1) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Rhodes and Shanle. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk of the Court is DIRECTED to terminate Denissa Armstrong, Lucas Emerich, Stephanie Howard, IDOC, and Wexford as parties.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or**

appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If a Defendant no longer works at the address provided by Plaintiff, the entity where that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file their respective Answers within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless

they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

8)  The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

9)  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

10) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

12) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED July 8, 2026.

s/Sue E. Myerscough

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE